IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:16-cr-30024-DWD |
| ) | |
| NAHUM SHIBESHI, ) | |
| ) | |
| Defendant. ) | |

### ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE

**DUGAN, District Judge:**

On June 16, 2016, Defendant Nahum Shibeshi plead guilty to one count of conspiracy to distribute, and possession with intent to distribute, cocaine in violation of 21 U.S.C. § 846 and § 841(a)(1), (b)(1)(A)(iii), and one count of interstate travel in aid of racketeering enterprises in violation of 18 U.S.C. § 1952. (Docs. 111 & 113). On August 11, 2017, Shibeshi was sentenced to a term of imprisonment of 48 months to be followed by a four-year term of supervised release. (Docs. 342 & 348). Shibeshi was also ordered to participate in treatment for narcotic addiction, drug dependence, or alcohol dependence. (Doc. 348 at 4). Shibeshi began his term of supervised release on February 14, 2020. (Doc. 507 at 1).

On April 4, 2022, Shibeshi filed his motion for early termination of supervised release. (Doc. 507). Shibeshi notes that he has completed his term of incarceration and that his term of supervised release is set to expire on February 14, 2024. He states that he has had no new contact with law enforcement and has fully complied with all the terms

of his supervised release. He has been employed as a recruiter since March 2020.

According to the United States' response to Shibeshi's motion, the U.S. Probation Office has no objection to the early termination of his supervised release and reports that Shibeshi has been in full compliance with the terms of his supervised release. (Doc. 509 at 2). The United States confirms that Shibeshi began his term of supervised release on February 14, 2020, and that it also has no objection to early termination. (Doc. 509 at 2).

Motions for early termination of supervised release are governed by 18 U.S.C. § 3583(e)(1), which says that, after considering a number of factors, the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release so long as the Court is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Federal Rule of Criminal Procedure 32.1 normally requires a hearing before a term of supervised release can be modified, but no hearing is necessary if the relief sought is favorable to the person and does not extend the term of supervised release and the United States has received notice of the relief sought, has had a reasonable opportunity to object, but has not done so. Fed. R. Crim. P. 32.1(c)(1). No hearing is required here because the relief sought is favorable to Shibeshi and the United States did not object in its response to the motion.

The Court **FINDS**, pursuant to 18 U.S.C. § 3583(e)(1), that Shibeshi has completed more than one year of supervised release and that early termination of the remainder of his supervised release is in the interest of justice and is warranted, as the defendant is

unlikely to benefit from further supervision. Upon consideration of the factors set forth in 18 U.S.C. § 3553, the Court **GRANTS** Shibeshi's Motion for Early Termination of Supervised Release (Doc. 507), and **ORDERS** that Shibeshi's supervised release be terminated, effective immediately.

**SO ORDERED.**

Dated: May 23, 2022

_____
DAVID W. DUGAN
United States District Judge